# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11-0082-01-CR-W-DGK |
| JASON L. ROBBINS, | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE

Pending before the Court is Defendant Jason Robbin's Motion In Limine (Doc. 79) to prohibit the Government from introducing any evidence of what Defendant characterizes as other crimes, prior bad acts, or uncharged misconduct. Specifically, Defendant seeks to exclude evidence that during the August 19, 2009 incident he allegedly thrust the handgun at issue into his girlfriend's mouth, chipping three of her teeth, and that she believed Defendant was "possibly under the influence of methamphetamine" because "he had a pretty bad problem with it."

In response, the Government contends this is not evidence of another uncharged crime, rather, it is evidence related to the crime charged, specifically the way and manner in which the Defendant allegedly possessed the firearm on August 19, 2009.

The motion is denied with respect to how the Defendant allegedly used the firearm on August 19. Excluding testimony that the gun was thrust into his girlfriend's mouth would deprive the Government of the fair and legitimate weight of its evidence telling the story of Defendant's guilt. *Old Chief v. United States*, 519 U.S. 172, 187-190 (1997) (recognizing "the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story").

However, any probative value to the girlfriend's speculation that the Defendant was "possibly under the influence of methamphetamine" may well be outweighed by the danger of unfair prejudice or confusion of the issues.  Accordingly, the Court takes this portion of Defendant's motion under advisement and will rule on its admissibility after it has heard the other evidence at trial.  Consequently, the Government shall not mention, introduce testimony or evidence of, reference, or ask any witness any question that would solicit an answer regarding Defendant's alleged use of methamphetamine without first raising the issue with the Court outside of the jury's hearing.

**IT IS SO ORDERED.**

Date:   November 21, 2012         /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT